UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD W. LOHR, JR., )
)
    Plaintiff, )
)
v. ) No. 3:07-CV-31
) (GUYTON)
ATMOS ENERGY CORPORATION, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 36] on the defendant's Motion to Revise. [Doc. 40] The defendant, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, moves the Court to revise the Court's Order [Doc. 34] denying the defendant's motion for summary judgment.

In addressing this motion, the Court draws guidance from the case of Johnson v. Dollar General Corp., No. 2:06-CV-173, 2007 U.S. Dist. LEXIS 69964, at * 4-6 (E.D. Tenn. Sept. 20, 2007). The Johnson court, in analyzing a similar motion, described the appropriate standard as follows:

> Plaintiff's motion for reconsideration does not cite any rule or law allowing the Court to reconsider its previous order. In Plaintiff's reply, he cites Fed. R. Civ. P. 59(b) and (e) as the relevant rule. Those sections concern altering or amending judgment, so are inapplicable because final judgment was not entered. Instead, the Court will rely on its inherent power and Rule 54(b) to afford relief "as justice requires." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (unpublished). "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." Mallory v.

> Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 47-48 (1943). In addition, Rule 54(b) expressly allows the Court to revise this non-final order at any time before entry of judgment. See Leelanau Wine Cellars Ltd. v. Black & Red, Inc., 118 F. App'x 942, 946 (6th Cir. 2004) (unpublished). Rule 54(b) does not proscribe any standards or bases for revisions. See Al-Sadoon v. FISI*Madison Fin. Corp., 188 F. Supp. 2d 899, 900-01 (M.D. Tenn. 2002). Nor does this Court have a local rule on such matter. See generally E.D.TN. LR. Therefore, motions for reconsideration are at the Court's discretion. Rodriguez, 89 F. App'x at 952; Update Art, Inc. v. Charnin, 110 F.R.D. 26, 38 (S.D.N.Y. 1986) (citing Marconi, 320 U.S. at 47-48).

Johnson, 2007 U.S. Dist. LEXIS 69964, at * 4-6. The Court finds the Johnson court's analysis of Rule 54(b) to be persuasive and adopts the same herein.

Applying that standard to the instant case, the Court, exercising its discretion, chooses not to reconsider the ruling in this case. Given the delay between the ruling on the motion for summary judgment and the instant motion, and given the looming trial date, the Court does not find that it is appropriate to reopen the issue of summary judgment at this time. Accordingly, the defendant's motion [Doc. 40] is hereby **DENIED**.

    **IT IS SO ORDERED.**

                                          **ENTER:**

                                          s/ H. Bruce Guyton
                                       United States Magistrate Judge